**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. _____ |
| | : | |
| v. | : | In Admiralty |
| | : | |
| THE GRIMALDI GROUP SpA; | : | |
| ATLANTIC CONTAINER LINE AB, aka | : | |
| ATLANTIC CONTAINER LINE AB, SWEDEN; | : | |
| ATLANTIC CONTAINER LINE SWEDEN AB; | : | |
| ATLANTIC CONTAINER LINE (USA) LLC; | : | |
| ATLANTIC CONTAINER LINE; | : | |
| V.SHIPS (LIVERPOOL) LIMITED; THE | : | |
| M/V ATLANTIC CONVEYOR (IMO: 8215534); | : | |
| AND CAPTAIN COLLEEN MORAN, | : | |
| | : | |
| Defendants. | : | |

**UNITED STATES OF AMERICA'S VERIFIED COMPLAINT**

The United States of America ("United States"), for its Verified Complaint against The Grimaldi Group SpA, *in personam*, Atlantic Container Line AB, aka Atlantic Container Line AB, Sweden, *in personam*, Atlantic Container Line Sweden AB, *in personam*, Atlantic Container Line (USA) LLC, *in personam*, Atlantic Container Line, *in personam*, V.Ships (Liverpool) Limited, *in personam* (collectively referred to as the "Vessel Interest Defendants"), the M/V ATLANTIC CONVEYOR (IMO: 8215534) ("M/V ATLANTIC CONVEYOR"), *in rem*, and Captain Colleen Moran ("Captain Moran"), *in personam*, alleges as follows:

## Nature of the Action

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The United States brings this action against the Vessel Interest Defendants, the M/V ATLANTIC CONVEYOR, and Captain Moran to recover the costs of repairing damage to a navigational structure owned by the United States.

3. The United States asserts claims in this case under the general maritime law, and under the Rivers and Harbors Act (RHA), 33 U.S.C. §§ 401-476.

## Jurisdiction and Venue

4. The United States is authorized to file this suit by 28 U.S.C. § 1345.

5. This Court has jurisdiction over the subject matter and the parties in accordance with 28 U.S.C. §§ 1331, 1333, and 1345.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## Facts

7. The Reedy Point North Jetty (North Jetty) is a navigation structure located at the confluence of the Chesapeake and Delaware Canal with the Delaware River near Reedy Point, Delaware.

8. At all relevant times, the United States owned and operated, through the United States Army Corps of Engineers, the North Jetty.

9. At all relevant times, the M/V ATLANTIC CONVEYOR was a container ship that was owned and/or operated by The Grimaldi Group SpA, and/or Atlantic Container Line AB, aka Atlantic Container Line AB, Sweden, and/or Atlantic Container Line Sweden AB, and/or Atlantic Container Line (USA) LLC, a Delaware corporation, and/or Atlantic Container Line, and/or V.Ships (Liverpool) (collectively referred to as the "Vessel Interest Defendants"), and/or contractors and/or subsidiaries of one or more of the Vessel Interest Defendants.

10. On February 14, 2017, the North Jetty was substantially damaged when it was struck by the M/V ATLANTIC CONVEYOR (the Accident).

11. Captain Moran was the pilot of the M/V ATLANTIC CONVEYOR at the time of the Accident.

### Count I – Claim Against the Vessel Interest Defendants and the M/V ATLANTIC CONVEYOR for Negligence under the General Maritime Law

12. The United States incorporates by reference Paragraphs 1 through 11 of this Complaint.

13. The Accident and the resulting damage to the North Jetty were proximately caused by the negligence and other fault of the Vessel Interest Defendants and their employees, including, but not limited to, the crew of the M/V ATLANTIC CONVEYOR, and/or by the negligence and other fault of contractors and/or subsidiaries of one or more of the Vessel Interest Defendants, and/or by the unseaworthiness of the M/V ATLANTIC CONVEYOR, all of which were in the privity and knowledge of the Vessel Interest Defendants, and which negligence and other fault included, but was not limited to:

A. The failure of the captain and the crew of the M/V ATLANTIC CONVEYOR to exercise reasonable care in the operation of the vessel;

B. The failure of the captain and the crew of the M/V ATLANTIC CONVEYOR to properly navigate and control the vessel;

C. The failure of the captain and the crew of the M/V ATLANTIC CONVEYOR to keep a proper lookout;

D. The failure of the captain and the crew of the M/V ATLANTIC CONVEYOR to maintain a safe distance from the North Jetty;

E. The failure of the captain and the crew of the M/V ATLANTIC CONVEYOR to safely navigate past the North Jetty;

F. The failure of the captain and the crew of the M/V ATLANTIC CONVEYOR to take the necessary evasive maneuvers to avoid allision with the North Jetty;

G. Operating the M/V ATLANTIC CONVEYOR in a negligent and/or unseaworthy manner;

H. Operating the M/V ATLANTIC CONVEYOR without a properly trained and competent crew;

I. Failing to ensure that the M/V ATLANTIC CONVEYOR was in all respects fit and seaworthy for its intended purpose and use;

J. Failing to properly vet and investigate the fitness of the pilot; and

K. Other acts of negligence and/or other fault, and/or unseaworthiness, to be established at the trial of this matter.

14. The Vessel Interest Defendants and M/V ATLANTIC CONVEYOR are jointly and severally liable to the United States for the full amount of the damages proximately caused by the Accident.

15. The Accident and the resulting damage to the North Jetty were also proximately caused by the negligence and other fault of Captain Moran.

16. The Vessel Interest Defendants and M/V ATLANTIC CONVEYOR are liable to the United States for the negligence and other fault of Captain Moran.

17. Based on currently available information, it is estimated that the costs of repairing the damage to the North Jetty proximately caused by the negligence and other fault of the Vessel Interest Defendants, and/or their employees, and/or their contractors, and/or their subsidiaries, and/or the M/V ATLANTIC CONVEYOR, and/or Captain Moran, are up to an amount of approximately $3,101,000.

**Count II – Claim Against Captain Moran
for Negligence Under the General Maritime Law**

18. The United States incorporates by reference Paragraphs 1 through 17 of this Complaint.

19. The Accident and the resulting damage to the North Jetty were also proximately caused by the negligence and other fault of Captain Moran, which negligence and other fault included, but was not limited to:

   A. The failure to exercise reasonable care in the operation of the M/V ATLANTIC CONVEYOR;

    B.      The failure to exercise the highest standard of care to navigate the M/V ATLANTIC CONVEYOR safely and prudently;

    C.      The failure to properly navigate and control the M/V ATLANTIC CONVEYOR;

    D.      The failure to keep a proper lookout;

    E.      The failure to maintain a safe distance from the North Jetty;

    F.      The failure to safely navigate past the North Jetty;

    G.      The failure to take the necessary evasive maneuvers to avoid allision with the North Jetty;

    H.      Failing to ensure that the M/V ATLANTIC CONVEYOR was in all respects fit and seaworthy for its intended purpose and use;

    I.      Other acts of negligence and/or other fault, and/or unseaworthiness, to be established at the trial of this matter.

20.    Captain Moran is jointly and severally liable to the United States for the full amount damages proximately caused by the Accident.

21.    Based on currently available information, it is estimated that the costs of repairing the damage to the North Jetty proximately caused by the negligence and other fault of Captain Moran are up to an amount of approximately $3,101,000.

### Count III – Claim Against the Vessel Interest Defendants and the M/V ATLANTIC CONVEYOR for Strict Liability under the Rivers and Harbors Act

22.    The United States incorporates by reference Paragraphs 1 through 21 of this Complaint.

23. The North Jetty is a public work built and maintained for the preservation and improvement of the navigable waters of the United States within the meaning of the RHA, 33 U.S.C. § 408.

24. Under the RHA, 33 U.S.C. §§ 408 and 412, the Vessel Interest Defendants and the M/V ATLANTIC CONVEYOR are strictly liable, and jointly and severally liable, to the United States for the full costs to repair the damage to the North Jetty proximately caused by the Accident.

25. Based on currently available information, it is estimated that the costs of repairing the damage to the North Jetty proximately caused by the Accident are up to an amount of approximately $3,101,000.

## Count IV – Strict Liability Claim Against Captain Moran under the Rivers and Harbors Act

26. The United States incorporates by reference Paragraphs 1 through 25 of this Complaint.

27. The North Jetty is a public work built and maintained for the preservation and improvement of the navigable waters of the United States within the meaning of the RHA, 33 U.S.C. § 408.

28. Under the RHA, 33 U.S.C. §§ 408 and 412, Captain Moran is strictly liable, and jointly and severally liable, to the United States for the full costs to repair the damage to the North Jetty proximately caused by the Accident.

29. Based on currently available information, it is estimated that the costs of repairing the damage to the North Jetty proximately caused by the Accident are up to an amount of approximately $3,101,000.

WHEREFORE**,** the United States prays that a judgment be entered in its favor against The Grimaldi Group SpA, *in personam*, Atlantic Container Line AB, aka Atlantic Container Line AB, Sweden, *in personam*, Atlantic Container Line Sweden AB, *in personam*, Atlantic Container Line (USA) LLC, *in personam*, Atlantic Container Line, *in personam*, V.Ships (Liverpool) Limited, *in personam*, the M/V ATLANTIC CONVEYOR (IMO: 8215534) ("M/V ATLANTIC CONVEYOR"), *in rem*, and Captain Colleen Moran ("Captain Moran"), *in personam*, jointly and severally, for the total amount of the United States' damages proximately caused by the Accident, plus interest and costs, and for such other relief as the Court deems proper.

Dated: February 6, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General, Civil Division

/s/ James C. Wilson
JAMES C. WILSON
Senior Trial Counsel
United States Department of Justice
Civil Division, Torts Branch
Post Office Box 14271
Washington, DC 20044-4271
Telephone: (202) 616-4107
Facsimile: (202) 616-4002
Email: james.wilson3@usdoj.gov
Attorneys for the United States

## **VERIFICATION**

Based upon information officially furnished to me, I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on February 6, 2020.

/s/ James C. Wilson
JAMES C. WILSON

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____